## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**WILLIAM KEITH NORRIS, II,**

      **Petitioner,**

**v.**                            **Case No. 3:12cv434/RV/CJK**

**RICHARD B. SPIVEY, WARDEN,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent filed an answer, submitting relevant portions of the state court record. (Doc. 14). Petitioner has not replied, although invited to do so. (*See* doc. 16). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to federal habeas relief.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged in the Circuit Court for Escambia County, Florida, Case No. 2008-CF-1294, with one count of lewd or lascivious battery (victim over 12 but under 16 years of age) (Count 1) and one count of contributing to the delinquency of a child by an act causing or tending to cause a minor to become delinquent (Count 2). (Doc. 14, Ex. D, p. 2).[1] Petitioner entered a written plea agreement, pursuant to which he agreed to plead nolo contendere to the charges, and he and the State agreed he would be designated a sexual offender and sentenced to 11 months and 15 days in the county jail followed by 48 months of probation on Count 1, and a concurrent sentence of 11 months and 15 days in the county jail on Count 2. (Ex. D, pp. 8E-8J). The plea agreement further provided that adjudication of guilt would be at the discretion of the court. (*Id*.). At a hearing held on July 15, 2008, the State presented the factual basis for the charges, which was the factual basis to which petitioner agreed in the plea agreement. (Ex. D, pp. 8E; Ex. L). The court conducted a colloquy at the conclusion of which petitioner stated under oath that he wished to enter a plea of no contest as charged. (Ex. L). The court found that petitioner's plea was knowing and voluntary, accepted petitioner's plea and adjudicated him guilty of Count 2 but withheld adjudication of guilt as to Count 1. (Ex. D, pp. 17A-17G; Ex. L). The court sentenced petitioner to a 54-month term of probation as to Count 1, with certain conditions, including the condition that he serve 11 months and 15 days in the county jail, with credit for 127 days. (*Id*.). As to Count 2, the court sentenced petitioner to 11 months and 15 days in the county jail, to run concurrently with the sentence on Count 1 and

---

[1]All references to exhibits will be to those provided at Doc. 14, unless otherwise noted.  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

with the same sentence credit. (*Id*.).  The Order of Probation erroneously identified the charge to which petitioner pled no contest as cruelty toward a child.  (Ex. D, p. 17A). Petitioner did not appeal.  (*See* Doc. 1, p. 2).

On May 14, 2010, petitioner was charged with violating his probation ("VOP"). (Ex. D, p. 26A).   An evidentiary hearing was held September 7, 2010, at the conclusion of which the court adjudicated petitioner guilty of lewd or lascivious battery and of violating his probation.  (*Id*., pp. 35-127, 130-37, 140).   The court sentenced him to 10 years in prison, with credit for 11 months and 66 days, and designated him a sex offender. (*Id*., pp. 123-124, 130-37, 140).

On April 18, 2011, petitioner filed a petition in the Florida First District Court of Appeal ("First DCA"), Case No. 1D11-2142, seeking belated appeal of the judgment and sentence.  (Ex. K).  The First DCA granted the petition. *Norris v. State*, 75 So. 2d 353 (Fla. 1st DCA 2011) (Mem).   On October 2, 2012, the First DCA affirmed the judgment in part, reversed in part, and remanded for further proceedings in the trial court.  *Norris v. State*, 98 So. 3d 230, 230-31 (Fla. 1st DCA 2012) (copy at Ex. H).   On remand, the circuit court concluded that its previous findings as to petitioner's violation of probation, and the orders memorializing those findings, were not in need of correction.  (Ex. O).

While petitioner's appeal was pending, he filed a motion to correct sentencing error, pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure.  (Ex. J).   The state circuit court summarily denied the motion in an order rendered September 15, 2011.  (Ex. N).

On January 19, 2012, petitioner filed a motion for postconviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.  (Ex. Q, pp. 1-15). The state circuit court determined the motion was untimely and without merit.  (*Id*.,

pp. 16-20).  Petitioner appealed the decision to the First DCA, Case No. 1D12-1908.
The First DCA affirmed the judgment per curiam without written opinion on July 30,
2012, with the mandate issuing August 27, 2012.  *Norris v. State*, 94 So. 3d 587 (Fla.
1st DCA 2012) (Table) (copies at Exs. R, S).

Petitioner filed the instant federal habeas action on September 6, 2012.  (Doc.
1).  The petition essentially raises one ground for relief, even though petitioner divides
it into three.  (Doc. 1).  Respondent asserts that the claim fails for one or more of the
following reasons:  (1) the claim was not fairly presented to the state courts, (2) the
claim is procedurally defaulted, and (3) the claim is without merit.  (Doc. 14).

## SECTION 2254 STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an
application for a writ of habeas corpus in behalf of a person in custody pursuant to the
judgment of a State court" upon a showing that his custody is in violation of the
Constitution or laws of the United States.  As the instant petition was filed after April
24, 1996, it is subject to the more deferential standard for habeas review of state court
decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death
Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218–19.  In
relevant part, section 2254(d) now provides:

(d)  An application for a writ of habeas corpus on behalf of a
person in custody pursuant to the judgment of a State court shall not be
granted with respect to any claim that was adjudicated on the merits in
State court proceedings unless the adjudication of the claim–

(1)  resulted in a decision that was contrary to, or involved
an unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2]  The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies

---

[2]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

the legal principle at issue.  *Thaler v. Haynes*, 559U.S. 43, 130 S. Ct. 1171, 1173, 175
L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th
Cir. 2010).

After identifying the governing legal principle(s), the federal court determines
whether the state court adjudication is contrary to the clearly established Supreme
Court case law.  The adjudication is not contrary to Supreme Court precedent merely
because it fails to cite to that precedent.  Rather, the adjudication is "contrary" only
if either the reasoning or the result contradicts the relevant Supreme Court cases.
*Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding
th[e] pitfalls [of § 2254(d)(1)]  does not require citation to our cases – indeed, it does
not even require *awareness* of our cases, so long as neither the reasoning nor the result
of the state-court decision contradicts them.").  If the state court decision <u>is</u> contrary
to clearly established federal law, the federal habeas court must independently
consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S.
930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the
federal habeas court next determines whether the state court "unreasonably applied"
the governing legal principles set forth in the Supreme Court's cases.  The federal
court defers to the state court's reasoning unless the state court's application of the
legal principle(s) was "objectively unreasonable" in light of the record before the state
court.  *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S.
Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697
n. 4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not
presented to state court in determining whether its decision was contrary to federal
law).  An objectively unreasonable application of federal law occurs when the state

court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court, however, may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011) (*citing Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)). The federal court  must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision. *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts). In sum, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement."
*Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(2).   As with the "unreasonable application" clause, the federal court applies an objective test.   *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.").   The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding.   *See Gill*, 633 F.3d at 1292.

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct.   28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."   *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").   Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the context of fact-based challenges to state court adjudications.   *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011).   However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision

was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. 930, 954, 127 S. Ct. 2842. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. at 786.

## DISCUSSION

Petitioner raises three grounds for relief, all of which are grounded in petitioner's contention that his plea is invalid because it was based on trial counsel's misadvice. Petitioner identifies his claims as follows:

Ground One  "Ineffective assistance of counsel where Petitioner's plea was based on inadequate legal advice." (Doc. 1, pp. 4, 6-7).

Ground Two "Manifest Injustice Exception." (Doc. 1, pp. 4, 7-8).

Ground Three  "Cause and Prejudice." (Doc. 1, p. 5).

Petitioner alleges in support of these claims that defense counsel affirmatively misadvised him that the State's plea offer of a "downward departure" meant that the degree of the offense in Count 1 would be reduced from a second degree felony of lewd or lascivious battery to a third degree felony of cruelty toward a child. (Doc. 1, pp. 4, 6-7). Petitioner alleges counsel did not adequately advise him that, in fact, the

"downward departure" meant only that he would receive a sentence below the lowest permissible sentence reflected on the sentencing guidelines scoresheet. (*Id*., p. 6). Petitioner alleges counsel also advised him that if he violated his probation, he could be sentenced only to the 5-year maximum for a third degree felony. (*Id*., p. 7). Petitioner asserts counsel advised him to sign the written plea agreement, and told him, "the form is not final, the Judge does not have to go by this and the Judge has the discretion to change it and when she sentences you to a downward departure you will receive the lesser conviction of the third degree felony." (*Id*., p. 6). Petitioner alleges if counsel had advised him that accepting the plea offer would not result in a reduced offense level, there is a reasonable probability he would not have accepted the offer and would have either negotiated for a more favorable plea deal or proceeded to trial. (*Id*., p. 7).

Petitioner alleges he did not learn that he had actually pled to a second degree felony on Count 1 until the VOP hearing on September 7, 2010, when the court stated on the record that he had entered a plea to a charge that carried a 15-year maximum. (Doc. 1, pp. 5, 7-8). Petitioner asserts that until that time, he believed he pled to cruelty toward a child, because that was the offense cited in the order placing him on probation and in the original affidavit of violation of probation.[3] (*Id*., pp. 4-5, 7-8). Petitioner states even the state court was confused at the VOP hearing as to the crime to which he originally pled. (*Id*., pp. 7-8). Petitioner contends a miscarriage of justice will occur and he will be prejudiced if this court does not review his claim on the

_____

[3]Two months prior to the VOP hearing, petitioner's probation officer notified the court that the Order of Probation and the court's computerized docket incorrectly identified Count 1 as cruelty toward a child. (Ex. Q, p. 12). Petitioner attached a copy of the letter to his Rule 3.850 motion, but stated he never received it. (*Id*., pp. 2, 12).

merits.  (*Id*.).  Petitioner asserts he raised these issues in his Rule 3.850 motion.  (*Id*., pp. 4-5).

Respondent contends petitioner failed to exhaust his claim in the state courts. (Doc. 14, pp. 13-17).  Respondent argues that although petitioner raised an ineffective assistance of counsel claim with regard to counsel's misadvising him that his acceptance of the State's offer would result in conviction of a lesser degree felony, petitioner did not assert in state court that he would have rejected the plea offer and insisted on proceeding to trial if counsel had not misadvised him.  (*Id*.).  Respondent argues petitioner may not return to state court to properly exhaust this claim; therefore, it is procedurally defaulted.  (*Id*., p. 17).  Respondent contends petitioner has not shown he is entitled to a merits review of his claim through either the "cause and prejudice" or "fundamental miscarriage of justice" portal; therefore, federal habeas relief should be denied.  (*Id*., pp. 17-20).  Respondent additionally argues that even if the court could consider the merits of petitioner's claim, he is not entitled to relief, because the record refutes his claim that he did not know he was pleading to a second degree felony.  (*Id*., pp. 20-26).

The court need not address respondent's procedural default argument, because even assuming to petitioner's benefit that he properly exhausted his claims in state court and the state court adjudicated his claims on the merits, petitioner is not entitled to federal habeas relief.


A.      Clearly Established Federal Law

In determining the validity of a plea to a criminal charge, a plea of nolo contendere stands on equal footing with a guilty plea.  *North Carolina v. Alford*, 400

U.S. 25, 35-36, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *Hudson v. United States*, 272 U.S. 451, 47 S. Ct. 127, 129, 71 L. Ed. 347 (1926); *see also Florida v. Royer*, 460 U.S. 491, 495 n.5, 103 S. Ct. 1319, 1323 n.5, 75 L. Ed. 2d 229 (1983) (recognizing that "[u]nder Florida law, a plea of *nolo contendere* is equivalent to a plea of guilty."). "A guilty plea is an admission of criminal conduct as well as the waiver of the right to trial." *Finch v. Vaughn*, 67 F.3d 909, 914 (11th Cir. 1995) (*citing Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469, 25 L. Ed. 2d 747 (1970)). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady* at 748.  Accordingly, in the context of a guilty plea the standard for determining the validity of the plea is "whether the plea represents a voluntary intelligent choice among the alternative courses open to the defendant." *Alford*, 400 U.S. at 31, 91 S. Ct. 160; *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).  The assistance of counsel received by a defendant is relevant to the question of whether a defendant's guilty plea was knowing and intelligent insofar as it affects the defendant's knowledge and understanding. *See McMann v. Richardson*, 397 U.S. 759, 770-71, 90 S. Ct. 1441, 1448-49, 25 L. Ed. 2d 763 (1970).

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v. Cooper, — U.S. —, 132 S. Ct. 1376, 1384, 182 L. Ed. 2d 398 (2012) (citing Missouri v.* Frye, — U.S. —, 132 S. Ct. 1399, 1404, — L. Ed. 2d — (2012), *and McMann*, 397 U.S. at 771, 90 S. Ct. 1441).  "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler*, 132 S. Ct. at 1387.  The two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d

674 (1984), applies to claims that counsel was ineffective during plea negotiations. *Lafler*, 132 S. Ct. at 1384 (applying *Strickland*'s two-part test to federal habeas petitioner's claim that counsel was ineffective for advising him to reject a plea offer); *Frye*, 132 S. Ct. at 1404, 1409-10 (applying *Strickland*'s two-part test to federal habeas petitioner's claim that counsel was ineffective for failing to communicate a prosecution plea offer before it lapsed); *Hill v. Lockhart*, 474 U.S. 52, 48, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (applying *Strickland*'s two-part test to defendant's challenge to his guilty plea based on ineffective assistance of counsel).

　　To obtain relief under *Strickland*, a petitioner must establish that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  The focus of *Strickland*'s performance prong in a plea situation is "whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"  *Hill*, 474 U.S. at 56-57 *(quoting McMann*, 397 U.S. at 771, 90 S. Ct. 1441).  "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial."  *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984).  "To impart such an understanding to the accused, counsel must, after making an independent examination of the facts, circumstances, pleadings and laws involved, offer his informed opinion as to the best course to be followed in protecting the interests of his client.  *Id*. (*citing Walker v. Caldwell*, 476 F.2d 213, 217 (5th Cir. 1973), *in turn citing Von Moltke v. Gillies*, 332 U.S. 708, 721, 68 S. Ct. 316, 322, 92 L. Ed. 309, 319 (1948)).

"Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland* at 689.  Representation is ineffective only if counsel commits "serious derelictions" of his duty when advising the accused regarding the plea. *Stano v. Dugger*, 921 F.2d 1125, 1150-51 (11th  Cir. 1991) (*citing McMann*, 397 U.S. at 774; *Tollett*, 411 U.S. at 267; *and Hill*, 474 U.S. at 56).

To meet *Strickland*'s prejudice prong in a plea situation, petitioner must establish that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59.  "It is not enough for [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.  Petitioner must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.*, 474 U.S. at 58-59.

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).  "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010).   "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*, 131 S. Ct. at 788. As the *Richter* Court explained:

The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* (citations omitted).

     B.     Federal Review of State Court Decision

Petitioner's Rule 3.850 motion raised one claim for relief: counsel provided ineffective assistance by misadvising petitioner that a downward departure sentence meant not only that he would receive a sentence below the lowest permissible sentence on the sentencing guidelines scoresheet, but also that he would be convicted of the lesser included offense of cruelty toward a child. (Ex. Q, pp. 1-8). Petitioner stated in his postconviction motion, which he signed under penalty of perjury, that if counsel had explained to him that by accepting the State's offer he would be entering a plea to the crime charged, he "would have requested an alternative course of action" and "would have continued negotiations for a third-degree felony or pled out to the trial court for the lesser charge and a downward departure . . . ." (*Id.*, pp. 5, 7).

The state circuit court disposed of petitioner's motion as follows:

On July 15, 2008, Defendant entered a plea of *nolo contendere* to one count of lewd or lascivious battery, as charged, a second-degree felony; and one count of contributing to the delinquency of a child, as charged, a misdemeanor. Defendant accepted a negotiated plea, pleading to the listed charges in exchange for a downward-departure sentence. Defendant was sentenced to 54 months of probation, a condition of which was that he spend 11 months, 15 days in county jail, in accordance with his plea agreement. Defendant did not appeal.

A defendant may file a motion for postconviction relief up until two years after the judgment and sentence under attack become final. See Rule 3.850(b).  A sentence becomes final for purposes of rule 3.850 when "appellate proceedings have concluded . . . or thirty days after the trial court enters its order if no direct appeal is filed.  Earls v. State, 958 So. 2d 1153 (Fla. 1st DCA 2007).  Rule 3.850 recognizes only three exceptions to the two-year time limitation.  They are as follows:  1) the facts on which the claim is based were not known to Defendant or his counsel and could not have been ascertained through due diligence; 2) the fundamental constitutional right asserted was not established within the period provided for and has been held to apply retroactively; and 3) Defendant retained counsel to file a 3.850 motion, and counsel, through neglect, failed to do so.

In the instant case, Defendant acknowledges that his time to file his motion for postconviction relief had expired before the filing of the instant motion.  Defendant contends, however, that he has newly discovered information entitling him to postconviction relief.  Rule 3.850 requires that "newly discovered evidence" be facts that "could not have been ascertained by the exercise of due diligence" before the running of the time limit set out in rule 3.850.  See Rule 3.850(b)(1).  See also Santos v. State, __ So. 3d __, No. 4D10-4810, 37 Fla. L. Weekly D170, 2012 Fla. App. LEXIS 521 (Fla. 4th DCA Jan. 18, 2012).  Additionally, the evidence must be likely to "produce an acquittal on retrial."  Walker v. State, 928 So. 2d 407, 409 (Fla. 3d DCA 2006).

Specifically, Defendant alleges that he has only recently learned that he was convicted of a second-degree felony rather than a third-degree felony.  He indicates that he has requested documentation of his conviction from the Clerk of Court, but has not been able to obtain the documents.  Defendant alleges that because his order of probation and the computerized court docket both reflected that he had been convicted of a third-degree felony, the fact that his conviction was actually for a second-degree felony was information that he could not have learned by exercise of diligence before September 2011.

The Court does not find this information to be newly discovered. Although Defendant is correct that the original order of probation, as well as the computerized court docket, both incorrectly list his crime as being cruelty toward a child, a third-degree felony, rather than lewd or lascivious battery, a second-degree felony; the Court does not find that these misstatements prevented Defendant from knowing that he had actually entered a plea to a charge of lewd or lascivious battery. The Court record is replete with evidence of Defendant's actual charge and conviction. The Information charged Defendant with lewd or lascivious battery. The scoresheet listed Defendant's primary conviction as lewd or lascivious battery. The Sentence Recommendation listed the charge to which Defendant was pleading as lewd or lascivious battery. At the plea hearing, the Court asked Defendant whether he had signed the Sentence Recommendation, indicating that he had gone over the terms with his attorney. Defendant answered that he had. The Court then asked Defendant if he wished to enter a plea as charged. Defendant agreed that he did. The Court also informed Defendant that he would be sentenced in accordance with his plea agreement, a fact Defendant acknowledged. Defendant cannot now go behind his sworn statements to the Court and aver that he did not actually understand the plea agreement and its terms. See Davis v. State, 938 So. 2d 555, 557 (Fla. 1st DCA 2006).

Furthermore, the order of probation to which Defendant points as his proof that he was unable to discover the truth, was not generated until after Defendant had agreed to the terms of his plea and entered his plea in open court. Therefore, as of July 17, 2008, when Defendant entered his plea, there was no impediment to Defendant's knowing that he was pleading *nolo contendere* to a charge of lewd or lascivious battery. The Court does not therefore find that the charge to which Defendant pleaded can be considered newly discovered evidence.

Even were the Court to consider Defendant's conviction to qualify as newly discovered evidence, Defendant would still be entitled to no relief. Defendant alleges that his plea was induced by misadvice of his attorney regarding the charge against him and the potential sentence should Defendant violate his probation. Defendant alleges that had he

known the truth, he "would have continued negotiations for a third-degree felony or pled out to the trial court for the lesser charge and a downward departure." Such an allegation is not a proper allegation of prejudice, as Defendant does not state that he would not have entered a plea but for his counsel's misadvice. See <u>Montero v. State</u>, 996 So. 2d 888, 891–892 (Fla. 4th DCA 2008) (indicating that "[t]o establish a valid claim in this case, [defendant] would have to establish a 'reasonable probability' that, but for counsel's deficient performance, he would not have entered the plea and would have insisted on going to trial") (internal citations omitted).

Furthermore, it is apparent to the Court that the claim cannot be cured by good faith amendment. Defendant makes very clear the he would have entered a plea, even if he had had to enter an open plea to the Court. He gives no indication whatsoever that he would have forgone a plea and exercised his right to a trial. Therefore, this claim cannot be remedied. <u>See Id.</u> Therefore, even were the Court to accept Defendant's claim as being based on newly discovered evidence, Defendant would still be entitled to no relief.

(Ex. Q, pp. 16-20) (footnotes omitted). Petitioner appealed the decision to the First DCA, and the appellate court summarily affirmed the lower court's decision without written opinion. (Ex. R).

The state court's offering alternative procedural and merits-based grounds for denying relief on petitioner's claim does not lessen the deference due the state court's adjudication under § 2254(d), nor does it relieve petitioner of his burden of overcoming the state court's factual findings with clear and convincing evidence, *see* 28 U.S.C. § 2254(e).

The state court record demonstrates that at the time petitioner entered his plea, he knew he was entering a plea to a charge that carried a maximum penalty of 15 years in prison. Petitioner also knew that by entering a plea he would receive a sentence lower than the lowest permissible sentence on the sentencing guidelines

scoresheet. (*See* Doc. 1, p. 6).   The sentencing guidelines scoresheet calculated petitioner's lowest permissible sentence as 35.2 months in state prison, and his maximum sentence as 15 years in state prison.  (Ex. D. pp. 8A-8D).  The written plea agreement, signed by petitioner on July 11, 2008, expressly states petitioner was entering a plea to lewd or lascivious battery, which carried a maximum sentence of 15 years in state prison, and to contributing to the delinquency of a minor, which carried a maximum sentence of one year in the county jail. (*Id*., pp. 8E-8J).  Petitioner agreed that the State could prove that between March and July of 2007, he had sexual intercourse with a 15-year old girl, and that his act of doing so contributed to her becoming delinquent or a child in need of services because he impregnated her. (*Id*.). At the plea hearing on July 15, 2008, the prosecutor placed the factual basis for the plea on the record, and the court asked petitioner if he wished to enter a plea "as charged" and receive the sentence set forth in the plea agreement.  (Ex. L, p. 5). Petitioner responded yes. (*Id*.).  Although the order of probation and the computerized court docket incorrectly identified the offense for which petitioner was placed on probation as cruelty towards a child, this does not suggest that at the time petitioner entered his plea, he did not understand he was entering a plea to the crime charged in Count 1, namely, lewd or lascivious battery.

Further, petitioner admitted in his Rule 3.850 motion that he feared going to prison and not being able to see his family if he did not accept the plea offer.  (Ex. Q, p. 3).  The plea offer permitted him to avoid a state prison sentence and serve less than 8 months in the local jail (11 months and 15 days less 127 days for time served). Petitioner did not state in his Rule 3.850 motion that he would have insisted on proceeding to trial had counsel advised him he would be pleading to a second degree felony; instead petitioner stated only that he "would have requested an alternative

course of action" and "would have continued negotiations for a third-degree felony or pled out to the trial court for the lesser charge and a downward departure . . . ." (Ex. Q, pp. 5, 7).  Although petitioner now states in his federal petition he would have insisted on proceeding to trial, he did not present this fact to the state court.  Where a claim was adjudicated on the merits by a state court, a state prisoner is limited to "the record that was before that state court" in seeking federal habeas relief.  *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1400, 179 L. Ed. 2d 557 (2011).  Further, petitioner's allegation that he would have continued to negotiate for a third degree felony, or entered a plea to a third degree felony with a downward departure sentence, is insufficient to show that any such offer would have been agreeable to the State or the trial court; and given petitioner's admission that the State had sufficient evidence of his guilt, as well as his stated fear of a state prison sentence which would have distanced him from his family, his allegations are insufficient to suggest a reasonable probability of a different outcome had counsel advised him he was entering a plea to a second degree felony.

Petitioner has not demonstrated that the state court's adjudication of his claim was based upon an unreasonable determination of the facts, or was contrary to or an unreasonable application of *Strickland*.  Petitioner is not entitled to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed,

even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. William Keith Norris*, Escambia County, Florida Circuit Court Case Number 08-1294, be DENIED, and the clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida this 21st day of March, 2014.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).